# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS P. HEALY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STEEL WORKERS OF ) <br> AMERICA DISTRICT 15, ) <br> LOCAL 5852, *et al.*, ) <br> ) <br> Defendants. ) | Civil Action No. 21-450 <br><br> Judge Cathy Bissoon |

## **ORDER**

Plaintiff's Motion (Doc. 19) for leave to amend the Complaint will be construed as a Motion to amend the caption, and it will be granted.

The parties' briefing regarding amendment of the pleadings misses the mark. On April 26, 2021, Defendant's counsel of record, Mr. Kilbert, executed a waiver of service on behalf of Defendant, as currently named. *See* Doc. 3. On June 18, 2021, Mr. Kilbert – using the same business address as in the waiver of service – filed an Answer, *on behalf of the International Union*, highlighting that Plaintiff had sued the wrong party, and answering on behalf of the correct entity. Doc. 5 ("Defendant United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC . . . hereby answers").

The proper Defendant has answered, and there is no need to amend the Complaint. Any objections that Defendant(s) may have had regarding distinction of identity have been waived. Had counsel intended to defend this case based on the distinction, the proper course would have been to file a motion to dismiss on behalf of the improperly-named entity. *See, e.g.,*

Jean-Bart v. DVA Renal Healthcare Inc., 2013 WL 12371817, *2 (M.D. Fla. May 16, 2013) (highlighting paradigm where a defendant chooses not to substantively challenge the issue of mistaken identity, but mentions it in a footnote to the answer, having decided not to move for dismissal and cause unnecessary delay); Pulse v. Larry H. Miller Grp., 2005 WL 1563222, *1 (D. Colo. Jun. 20, 2005) (noting the same, and indicating that the proper course under the circumstances is to correct the caption). In light of defense counsel's prior decision not to resist, the current opposition to amendment (whether to the pleadings or the caption) is unwarranted.

Consistent with the foregoing, Plaintiff's Motion (**Doc. 19**) hereby is construed as one to amend the caption, it is **GRANTED**, and the caption will be amended forthwith.[1]

IT IS SO ORDERED.

November 8, 2021                                            s/Cathy Bissoon
                                                            Cathy Bissoon
                                                            United States District Judge


cc (via ECF email notification):

All Counsel of Record

---

[1] At this point, it appears that reference to "Local 5852" as a putative party, is inaccurate, superfluous and/or unnecessary. If Local 5852 exists as a separate, legally recognized entity, *and* is necessary for a resolution of this case, Plaintiff again may move for leave to amend the caption. To be clear, such a motion will not be susceptible to legal challenges along the lines of what defense counsel presently has argued – because such entity undoubtedly had notice of this lawsuit. *See* Doc. 3 (waiver of service, executed by defense counsel on behalf of "L[ocal] 5852").