IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS P. HEALY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-450 |
| | ) | |
| UNITED STEEL, PAPER AND | ) | Judge Cathy Bissoon |
| FORESTRY RUBBER, | ) | |
| MANUFACTURING, ENERGY, | ) | |
| ALLIED INDUSTRIAL AND SERVICE | ) | |
| WORKER INTERNATIONAL UNION, | ) | |
| AFL-CIO-CLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendant's Motion (**Doc. 23**) for reconsideration is **GRANTED**; the caption will be amended forthwith, accordingly; and Plaintiff's Motion (Doc. 21) to amend the Complaint will be reinstituted and granted.

Until Defendant's present Motion, it was unknowable to the Court, from the docket, that there is only one "Local 5852"; and that it is affiliated with the International Union. This is so because, in opposing Plaintiff's Motion to amend, defense counsel identified the answering-Defendant as "The United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC," *making no reference to Local 5852. See* Doc. 21 at 1; *see also id.* at signature line (wherein Mr. Kilbert identified himself as "Counsel for [the] International Union").[1]

---

[1] To be clear, the Court's response-Order stated that "[a]ny party wishing to respond" to Plaintiff's Motion for leave to amend was required to do so by the date-specified. *See* text-Order associated with Doc. 20 (emphasis added); *see also generally* Court Docket (identifying

In any event, Defendant's recent clarification dictates that the parties' dispute cannot, in fact, be resolved through amendment of the caption. Accordingly, the caption again will be amended, forthwith, to reflect that the current Defendant is the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC *Local 5852*.

This recent turn of events, however, serves only to emphasize why amendment with relation-back is warranted under Rule 15(c). Relation back applies where "the amendment changes the party or the naming of the party against whom a claim is asserted," if, within the service-period, the party to be brought in by amendment "received such notice of the action that it will not be prejudiced in defending on the merits;" and it "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *Id.*

Here, the Court sees no prejudice, other than that the proper Defendant − the International Union – has to defend the case, its putative statue of limitations argument notwithstanding. This is not the kind of prejudice contemplated under Rule 15(c). *See id.* (addressing "prejudice[] in defending on the merits").

As for the second factor, the record establishes, as a matter of law, that the International Union knew or should have known that the action would have been brought against it, but for mistake. Plaintiff has highlighted the degree of interrelationship between the International Union and its Local 5852, in regards to collective bargaining and grievance processing roles, *see* Doc. 19-2 at 3; and the International Union acknowledges that it "became aware of the

---

Fluor Marine as a second named party-Defendant). To the extent that defense counsel interpreted the Order as inviting non-party response(s), the presumption was unfounded.

lawsuit . . . [on] April 20, 2021." Doc. 21 at 3. The interchangeability with which defense counsel has referred to Defendant, on the record, confirms Plaintiff's assertions. *See* In re Chain, 614 B.R. 512, 521 (W.D. Pa. Bankr. 2020) (notice may be imputed "when the original and added parties are so closely related in business or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced") (citation to quoted source omitted).

Finally, Defendant's suggestion that it believed Plaintiff's omission of the International Union was intentional reveals the fallacy of counsel's position. The mind frame of the currently-named Defendant, Local 5852, is immaterial for the purposes of Rule 15(c). It is only within the context of Mr. Kilbert representing both of these (closely-aligned) entities that statements regarding what was known, or should have been known, even make sense. In any event, and based on the circumstances described herein, the International Union timely knew or should have known that the action would have been brought against it, but for mistake.

For these reasons, and for the others stated in Plaintiff's brief in support (Doc. 19-2), Rule 15(c)(1) is satisfied, and Plaintiff's Motion (**Doc. 19**) for leave to amend the pleadings is reinstated and **GRANTED**. The amended complaint shall be filed by **November 17, 2021**. Given the nature of the amendment, filing and service of the amended pleading shall have no affect on the remaining case management deadlines.

IT IS SO ORDERED.

November 12, 2021                                    s/Cathy Bissoon
                                                     Cathy Bissoon
                                                     United States District Judge

cc (via ECF email notification):

All Counsel of Record